

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2009

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4026

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lin v. Atty Gen USA" (2009). *2009 Decisions.* Paper 455.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/455

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 08-4026

———————————

XIANG JING LIN,
                                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                            Respondent

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98-885-904
(U.S. Immigration Judge:  Honorable Frederic G. Leeds)

———————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 7, 2009

Before: SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges.

(Filed: October 13, 2009)

———————————

OPINION OF THE COURT

———————————

PER CURIAM.

        Xiang Jing Lin, a native and citizen of China, arrived in the United States in March

2005.  He appeared before an Immigration Judge ("IJ") and conceded that he was

removable for entering the United States without being admitted or paroled.  See

Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)].

In March 2006, Lin applied for asylum, withholding of removal, and relief under the

Convention Against Torture ("CAT"), alleging that he suffered persecution as a Falun

Gong practitioner. The Immigration Judge ("IJ") denied relief, finding that Lin was not

credible, failed to provide reasonably available corroborative evidence, and did not

establish that he was likely to be tortured in China. The Board of Immigration Appeals

("BIA") dismissed Lin's appeal, but relied on only two of the IJ's adverse credibility

findings.[1] Lin has filed a petition for review of the BIA's decision.

We have jurisdiction under INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)]. When the

BIA accepts some of an IJ's adverse credibility findings and rejects others, "the scope of

the Court's review [ ] includes both the BIA's decision and the portion of the IJ's decision

that was left unchallenged in front of the BIA." Douglas v. Ashcroft, 374 F.3d 230, 234

(3d Cir. 2004). We review factual findings, including adverse credibility determinations,

for substantial evidence, and must affirm them unless "a reasonable factfinder would be

compelled to conclude otherwise." Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir.

2006). "So long as the BIA's decision is supported by 'reasonable, substantial, and

probative evidence on the record considered as a whole, we will not disturb the BIA's

---

[1]The BIA rejected the IJ's decision to base its adverse credibility finding on alleged omissions and discrepancies concerning the date Lin began practicing Falun Gong and the date he was arrested. In addition, the Board specifically declined to address the IJ's conclusion that Lin failed to provide adequate evidence corroborating his claims.

2

disposition of the case.'"[2]  Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992)).

While in college studying law, Lin began to secretly practice Falun Gong with his "supervisor" and several classmates.  The college's Communist Party Committee discovered them and notified the security bureau.  Consequently, Lin was arrested and detained for 48 hours, during which he allegedly "suffered severe torture and interrogation."  Lin graduated from college in July 2002 with a specialized degree in law, but, because a record of the arrest appeared in his college file, employers refused to hire him for law-related jobs.  Although Lin was later accepted into law school, his acceptance was revoked after a background check revealed his arrest.

The BIA based its adverse credibility determination on two alleged discrepancies. The first involved Lin's claim, both in his written asylum statement and in his testimony, that he was permitted to finish college after his arrest.  See Administrative Record ("A.R.") 145-46, 228.  According to the BIA, this allegation conflicted with a statement made by Lin's father in a letter to the IJ.  In that letter, Lin's father asserted that "[b]ecause [Lin] once was detained for practicing Falun Gong, he was excluded from the

---

[2]Because Lin applied for relief after May 11, 2005, the BIA's credibility determinations are governed by the REAL ID Act of 2005.  Under the REAL ID Act, an IJ may base her credibility determination on observations of the applicant's demeanor, the plausibility of the applicant's story, and on the consistency of the applicant's statements. See INA § 208(b)(1)(B)(iii) [8 U.S.C. § 1158(b)(1)(B)(iii); Gabuniya v. Att'y Gen., 463 F.3d 316, 322 n.7 (3d Cir. 2006).  Although we have not considered whether this provision is consistent with due process, see El-Moussa v. Holder, 569 F.3d 250, 256 (6th Cir. 2009) (citing "five other circuits that have considered the new standard in published opinions"), we note that Lin's challenge to the BIA's adverse credibility finding would also fail under the pre-REAL ID Act standard.

college." Id. at 206.  When asked about this alleged discrepancy, Lin explained that his

father "is not sure because during the time when he came to visit me I told my father I

will get excluded." Id. at 147.  This explanation is likely adequate, especially considering

that upon his release from detention, Lin had been told that he was "going to face

disciplinary action from the college." Id. at 120.  In addition, Lin's father also

acknowledged, at least implicitly, that Lin was able to pursue his education, noting that

Lin's "study, life, and work were severely suppressed" following his detention.  Id. at

206.  At bottom, the BIA appeared to believe that Lin did not credibly testify about

finishing college.  Importantly, however, Lin provided a copy of his college diploma.  Id.

at 184, 188.  In light of this objective evidence of Lin's graduation, the BIA's credibility

determination is not supported by substantial evidence.

The second adverse credibility determination centered on an alleged inconsistency

in Lin's work history.  Lin testified that "[f]rom '02 all the way to '05 I basically cannot

find a job." A.R. 127.  The IJ later asked Lin a series of questions about his efforts to find

law-related jobs, such as whether Lin "looked for any other line of work for that three

years to see if there was something else you could do with your college degree." Id. at

133.  Lin replied that he did not.  Id.  Later, the IJ asked a significantly broader question:

"[w]hat did you do from 2002 to 2005 . . . [o]ther than practice Falun Gong two to three

times a week and send[] out 40 or 50 resumes in a three-year period." Id. at 137.  Lin

replied that he had done nothing else.  Id.  On his asylum application form, however, Lin

indicated that he worked as a Director for the Fuzhou Goods Circulation Company from

4

September 2002 until March 2005. A.R. 221. The Government attorney noted that "the Judge asked you whether you worked from 2002 until 2005, [and] you never mentioned that you were director of the Fuzhou Goods Circulation Company." A.R. 152. Lin replied, "[t]hat had nothing to do with the law." Lin also explained that the company transported goods between supermarkets, that he worked there part time for a "[t]otal combined" period of one or two months, and that he performed only "odd jobs." Id. at 150-52. We agree with the BIA that these explanations are inadequate. Lin's failure to mention his job at the Fuzhou Goods Circulation Company in response to specific questions about his employment history during a discrete period of time is sufficient to support the adverse credibility determination.

Finally, the BIA properly denied Lin's CAT claim because the record contains no evidence that anyone in the Chinese government, or acting with its acquiescence, seeks to torture him. See Tarrawally v. Ashcroft, 338 F.3d 180, 187-88 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

For these reasons, we will deny Lin's petition for review.

5